UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RODNEY HARRIS,

                            Plaintiff,

                — against —

COMPANY OF FRESHMINT (Toothpaste)
Product of India Exclusive Distributor,
NEW WORLD IMPORTS, INC.,

                            Defendant.
------------------------------------------------------------X

**MEMORANDUM and ORDER**

07-CV-3793 (SLT)(LB)

**TOWNES, United States District Judge:**

      Plaintiff Rodney Harris, who is currently incarcerated at the Nassau County Correctional Center, filed this *pro se* action on September 6, 2007, against the company which manufactures Freshmint toothpaste (the "Company"), and New World Imports, Inc. ("New World"), the Tennessee company which allegedly distributes the toothpaste. On September 17, 2007, this Court issued a Memorandum and Order granting plaintiff leave to file an amended complaint, within thirty (30) days, that specifically alleges the citizenship of the Company, the nature of his "sickness" that was allegedly caused by his use of Freshmint toothpaste, and the amount of money damages he seeks in this action. Also, to the extent that plaintiff attempted to state a claim under 42 U.S.C. § 1983 in his initial complaint, that claim was dismissed. On September 25, 2007, plaintiff filed his amended complaint, and, for the reasons set forth below, the amended complaint is dismissed and this action is closed.

## *BACKGROUND*

      Plaintiff's initial complaint alleged that at some unspecified point(s) during plaintiff's incarceration at the Nassau County Correctional Center, unspecified person(s) allegedly provided plaintiff with Freshmint toothpaste. Compl. at 4. Plaintiff further alleged that one of

the ingredients in the toothpaste – polyethylene glycol – is "use[d] to make anti-freeze for cars." Plaintiff claimed that "this product is not good for the human body," and "has been making [him] sick." *Id*. Plaintiff's initial complaint did not specify the nature of plaintiff's "sickness" or request a specific amount in damages.

In his amended complaint, plaintiff describes the nature of his injuries allegedly caused by the Freshmint toothpaste as "upset stomach, Nauseas and made me throw-up, sour stomach and throat." Amend. Compl. at 1, ¶ 2. Plaintiff further states that he seeks "80 thousand dollars of money damages . . . ." *Id.* at 2, ¶ 3.

## *DISCUSSION*

Section 12(h)(3) of the Federal Rules of Civil Procedure provides that a court shall dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter." Fed. R. Civ. P. 12(h)(3). Federal courts have subject-matter jurisdiction only in those cases in which there is either a federal question or diversity of citizenship. *Perpetual Secs., Inc., v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002). Moreover, federal courts have an obligation to examine the basis of their jurisdiction. *See FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990). As the Second Circuit has stated:

> Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed.

*Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000).

As discussed fully in the Court's Memorandum and Order dated September 17, 2007, even when liberally construed, plaintiff's original complaint failed to allege an adequate basis for subject-matter jurisdiction. Plaintiff did not make out a federal question claim under 28 U.S.C.

2

§ 1331 and his complaint failed to allege sufficient facts to permit this Court to determine whether this Court has subject-matter jurisdiction under 28 U.S.C. § 1332. Now that plaintiff has filed an amended complaint, it appears clear that this Court lacks diversity jurisdiction. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). A plaintiff must use "good faith" in alleging the amount in controversy, and may be required to offer a good faith basis for the belief that "recovery in excess of [the jurisdictional amount] is reasonably possible." *Id*. (quoting *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 88 (2d Cir. 1991)) (bracketed material in *Chase Manhattan Bank*). Here, plaintiff seeks $80,000 in damages, but the nature of his injuries are self-described as not being extraordinary, only consisting of an upset stomach, nausea, vomiting, and a sour stomach and throat. The nature of plaintiff's injuries do not support the notion that "recovery in excess of [the jurisdictional amount] is reasonably possible." *Id*. Thus, this Court lacks jurisdiction, and plaintiff's amended complaint is dismissed.

Moreover, plaintiff did not identify his specific injuries or state any claim for damages in his initial complaint, and the Court finds that his claim of $80,000 in damages after being alerted to the amount in controversy requirement is not made in good faith, but is only presented to satisfy the jurisdictional amount. As such, plaintiff's claims are frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed on this basis as well..

## CONCLUSION

For the reasons set forth above, plaintiff's amended complaint is dismissed for lack of subject matter jurisdiction, and as being frivolous. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 15, 2007

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge